UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NRRM, LLC, | ) | |
| | ) | |
|     Plaintiff/Counter-Defendant/Cross-Defendant/Counter-Cross Plaintiff, | ) ) | 10 C 4642 |
| | ) | Judge Feinerman |
|     and | ) | |
| | ) | |
| MARK TRAVIS and NICHOLAS HAMILTON, | ) | |
| | ) | |
|     Plaintiffs/Counter-Defendants/Cross-Defendants, | ) ) | |
| | ) | |
|     vs. | ) | |
| | ) | |
| MEPCO FINANCE CORPORATION, | ) | |
| | ) | |
|     Defendant/Counter-Plaintiff/Third-Party Plaintiff, | ) ) | |
| | ) | |
|     vs. | ) | |
| | ) | |
| CHOICE MANUFACTURING CO. INC., | ) | |
| | ) | |
|     Third-Party Defendant/Counter-Third-Party Plaintiff/Cross-Plaintiff/Counter-Cross Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

    This is a sequel to last month's decision entering and continuing Mepco Finance Corporation's summary judgment motion against Choice Manufacturing Company, granting Mepco leave to file an amended Local Rule 56.1(a)(3) statement and a supplemental brief to address evidentiary issues raised by Choice, and allowing Choice the opportunity to file an amended Local Rule 56.1(b)(3)(B) response and supplemental brief to counter Mepco's additional materials. Docs. 202-203 (reported at 2015 WL 1501897 (N.D. Ill. Mar. 27, 2015)). Mepco filed its additional materials. Docs. 204-205. At a status hearing last week, Choice

1

informed the court that it would not file anything in response to those materials. Doc. 207. Mepco's summary judgment motion (Doc. 152) is therefore ripe for ruling, and for the reasons that follow, the motion is granted.

This opinion assumes familiarity with last month's opinion as well as with the court's opinion denying an earlier summary judgment motion from Mepco. Docs. 134-135 (published at 2013 WL 4537391 (N.D. Ill. Aug. 27, 2013)). As noted in those opinions, Choice administered automobile service and repair warranties, while Mepco offered financing to customers who wanted to pay for the warranties in installments. In the present motion, Mepco contends that, pursuant to contracts with Choice and a particular Choice sales agent—U.S. Fidelis, Inc., which went out of business—Choice owes Mepco $4,866,140.75 in unpaid funding. Doc. 153.

In response, Choice does not dispute that *if* everything Mepco asserts about the key facts are true, then Choice owes Mepco $4,866.140.75. Doc. 165 (Choice's brief opposing summary judgment). Having reviewed Mepco's motion, the court agrees that Choice owes Mepco that amount if Mepco's asserted facts are true. Moreover, Choice cannot even bring itself to argue that Mepco's asserted facts are *not* true. *Ibid*. Choice's *only* argument against summary judgment is that Mepco has not cited admissible evidence to support its asserted facts. *Ibid*.; Doc. 166 (Choice's Local Rule 56.1(b)(3)(B) response). This is not an improper argument; the law very clearly requires the movant to cite admissible evidence to obtain summary judgment, *see* N.D. Ill. L.R. 56.1(a); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 (7th Cir. 2008), and the court held off ruling on Mepco's summary judgment motion due to the evidentiary concerns that Choice had raised in its opposition papers, 2015 WL 1501897, at *11. But it is the only argument Choice makes, and thus the only one the court will consider, particularly given Choice's representation by able and sophisticated counsel. If there

were substantive grounds to forestall summary judgment, or additional evidentiary objections to the supplemental materials that Mepco just filed, then Choice undoubtedly would have advanced them.

Choice's evidentiary argument has three components: (1) Mepco has not established the existence of its contract with Fidelis; (2) the financial data cited by Mepco is inadmissible hearsay; and (3) Mepco's summary of the data to calculate Choice's liability violates Federal Rule of Evidence 1006. Doc. 165. The court ruled in last month's decision that Mepco's summary satisfies Rule 1006, 2015 WL 1501897, at *11, which disposes of the third objection, so this opinion will address only the first two.

With respect to first objection, which concerns Mepco's contract with Fidelis, the supplemental affidavit submitted by Mepco financial analyst Jim Jeske avers that "[t]rue and accurate copies of the Dealer Agreements are attached hereto as Exhibit A." Doc. 205-1 at p. 6, ¶ 15 (Jeske's affidavit); *id*. at 10-23 (copy of the Mepco-Fidelis contract). That is sufficient to make the contract admissible for summary judgment. *See Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006) ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of [Federal] Rule [of Civil Procedure] 56([c]) and the affiant must be a person through whom the exhibits could be admitted into evidence.") (internal quotation marks omitted); 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2722, pp. 382-84 (3d ed. 1998) (same). And to the extent Choice disputes that Fidelis was one of its sellers, Doc. 165 at 3 n.1 (arguing that "Mepco has not presented admissible evidence that Fidelis is even a seller covered by the Choice/Mepco" arrangement), Mepco points out that Choice's owner, Peter Masi, admitted in his deposition that Fidelis was one of Choice's sellers. Doc. 172 at 2-3; Doc. 205 at ¶¶ 7, 34; Doc. 205-3 at 13 ("Q. And Fidelis

3

was one of your company's dealers?  A. Yes.  Q. And Mepco funded product warranties that you sold through Fidelis?  A. Yes.").

As just noted, Choice's second objection submits that to generate its Rule 1006 summary, Mepco relied on an electronic database that is inadmissible hearsay.  Last month's opinion reserved judgment on this point, noting that while the data "appears (at least at an initial glance) to" fall under the business records exception of Rule 803(6), the question whether "the information in the database qualifies as a business record [is] a matter on which the court is not ruling at this juncture."  2015 WL 1501897, at *10-11.

Rule 803(6) provides that the rule against hearsay does not bar:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> (A)  the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B)  the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C)  making the record was a regular practice of that activity;
>
> (D)  all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E)  the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).  To be "admissible as business records under Fed. R. Evid. 803(6), … a proper foundation [must be laid] as to the reliability of the records."  *Collins v. Kibort*, 143 F.3d 331, 337 (7th Cir. 1998).  At summary judgment, this means that "the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records."  *Woods v. City*

4

*of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). A "qualified witness need not have personally participated in the creation of the document, nor know who actually recorded the information. The witness need only be someone with knowledge of the procedure governing the creation and maintenance of the type of records sought to be admitted." *United States v. Dominguez*, 835 F.2d 694, 698 (7th Cir. 1987) (internal quotation marks and citations omitted).

Jeske's affidavit avers: "I am a business analyst for [Mepco] and am authorized to make this declaration on behalf of Mepco. I have personal knowledge of the facts set forth in this declaration. … I am familiar with and work regularly with Mepco's databases of business records and accounting information." Doc. 205-1 at p. 3, ¶¶ 1-2. As the court previously held, this is sufficient to satisfy subsections (B) and (D) of Rule 803(6). 2013 WL 4537391, at *5. Jeske also avers:

> When consumers made credit card or direct deposit payments, those payments were entered electronically and recorded into [Mepco's] database at or about the time that Mepco received notice of payment by Mepco employees in the ordinary course of their job duties. Likewise, records of consumer payments were also electronically entered into the [Mepco] database on a daily basis by Mepco employees in the ordinary course of their job duties as Mepco received notice from its bank. This was the case with respect to all of the payment plans for Choice-administered products.

Doc. 205-1 at p. 4, ¶ 8. Jeske's affidavit contains similar, parallel assertions about the database's being regularly updated to reflect warranty cancellations as well as payments Mepco received from Choice or dealers such as Fidelis. *Id*. at pp. 5-6, ¶¶ 9-12. These averments together satisfy subsection (A) of Rule 803(6). *See United States v. Franco*, 874 F.2d 1136, 1141 (7th Cir. 1989) (holding that testimony that "Oscar Alvarez or one of his employees recorded transactions at Oscar's with daily notations" and that the "bookkeeper[] periodically tidied up the second set of ledgers" satisfied Rule 803(6)(A)). Finally, Jeske avers: "Mepco's payment processing department was constantly updating [its] database. … Mepco used information from [its]

5

database to generate reports that show the aggregate amount owed on all payment plan contracts for a particular administrator or seller. Mepco relied on the accuracy of the information in [its] database as a routine part of its business dealings with administrators and sellers." *Id*. at p. 6, ¶¶ 11, 13. That satisfies subsection (C). *See United States v. Lawrence*, 934 F.2d 868, 871-72 (7th Cir. 1991) (holding that testimony about a "system" of creating "daily sales sheets, as part of [the defendants' enterprise's] method of operation," satisfied Rule 803(6)(C)).

As for subsection (E), nowhere does Choice contend that the database is untrustworthy. Because Choice bore the burden on the trustworthiness issue, *see Jordan v. Binns*, 712 F.3d 1123, 1136 (7th Cir. 2013) (holding under the prior version of Rule 803(6) that the party opposing the introduction of a business record bears the burden of demonstrating untrustworthiness); *Shelton v. Consumer Prods. Safety Comm'n*, 277 F.3d 998, 1010 (8th Cir. 2002) (same); 2014 Advisory Committee Note to Fed. R. Evid. 803(6) (noting that the rule was amended to clarify that if the proponent satisfies subsections (A)-(D), "the burden is on the opponent to show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness"), any possible objection under subsection (E) has been forfeited. Accordingly, the database qualifies as a business record under Rule 803(6) and thus is admissible. *See United States v. Fujii*, 301 F.3d 535, 539 (7th Cir. 2002) (holding that an airline's electronic database of check-in and reservation records satisfied Rule 803(6)); *United States v. Briscoe*, 896 F.2d 1476, 1494 & n.13 (7th Cir. 1990) (same, for the phone company's electronic database of telephone calls); *United States v. Nixon*, 694 F.3d 623, 633-35 (6th Cir. 2012) (same, for a customer account database); *U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043-44 (9th Cir. 2009) (same, for an insurance claims database); *United States v. Loney*, 959 F.2d 1332, 1340-41 (5th Cir. 1992) (same, for a frequent flyer account database).

As noted above, Choice elected to make no other arguments opposing Mepco's summary judgment motion, thereby forfeiting any such arguments. *See Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment."); *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted); *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 407 (7th Cir. 2007) (holding that the plaintiff "waived (forfeited would be the better term) his discrimination claim by devoting only a skeletal argument in response to Cracker Barrel's motion for summary judgment"), *aff'd*, 553 U.S. 442 (2008).

## Conclusion

Mepco's motion for summary judgment against Choice is granted. With respect to claims arising from the Fidelis relationship, Choice is liable to Mepco in the amount of $4,866,140.75.

April 21, 2015

United States District Judge